UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BIANCA C. BOWLER,<br><br>Defendant. | CASE NO. CR04-014MJP<br><br>FINDINGS AFTER AN EVIDENTIARY HEARING AS TO ALLEGED VIOLATIONS OF SUPERVISED RELEASE |

## INTRODUCTION

I conducted a contested hearing on alleged violations of supervised release in this case on September 20, 2005. The United States was represented by Tessa Gorman and the defendant was represented by Michael Nance. The proceedings were recorded on disk.

## CONVICTION AND SENTENCE

Defendant had been convicted of Misprison of a Felony on or about December 10, 2004. The Hon. Marsha J. Pechman of this Court sentenced defendant to 10 months confinement, followed by one year of supervised release.

The conditions of supervised release included requirements that defendant comply with the standard 13 conditions.

//
//

PROPOSED FINDINGS
PAGE -1-

ALLEGED VIOLATIONS AND THE DEFENDANT'S PARTIAL ADMISSION

Senior USPO Jennifer J. Tien alleged that Defendant violated the conditions of supervised release in five respects found in her reports dated August 16 and August 18, 2005, respectively:

(1) Failing to report for urinalysis testing as instructed via the drug-code-a phone on March 22, 2005, April 5 and 6, 2005 and May 2, 11, 17, 2005 and June 1, 22, 28, 2005 and July 28, 2005 and August 2 and 11, 2005 in violation of special condition of drug aftercare;

(2) Associating with any person engaged in criminal activity, or any person convicted of a felony, Charles Griffin and Gregory White, without the permission of the probation officer, in violation of standard conditions number 9;

(3) Possessing materials used to make false identifications cards, fraudulent checks and credit cards, on August 18, 2005, in violation of the general condition that she not commit any federal, state or local crimes;

(4) Possessing a dangerous weapon, a stun gun, on August 18, 2005, in violation of the special condition that the defendant not possess a firearm, a destructive device, or any other dangerous weapon;

(5) Possessing stolen VISA credit cards and checks, in violation of the general condition that she not commit any federal, state or local crimes.

At an initial hearing, I advised the defendant of these charges and of her constitutional rights, and she admitted the violations numbered one and two. At today's hearing the Government withdrew allegation number four. The Court heard testimony, reviewed exhibits and heard argument before making the following finding as to violations three and five.

//

//

PROPOSED FINDINGS
PAGE -2-

# FINDING OF FACTS

1. These allegations stem from the defendant's activities while she was on supervised release in the month of August 2005, and while residing at 219 29th Avenue East in Seattle, WA..

2. Monthly reports filed by the defendant written in her own handwriting attest to her residence address and corroborate her actions as alleged in violation number two, contacting known felons. Appended to this monthly report were two handwritten pages signed by the defendant.   Ex. #2.

3. This same report names Ashley Vaughn as co-habitant at the above address.

4. In the monthly report of April 2005, she informs the Court of her arrest in March , 2005 based on an outstanding warrant. Another co-habitant, Gregory White, informed police that a laminating machine found in the living room did not belong to him which raised other suspicions given what police saw in plain view.

5. The police observations led to an investigation and the execution of a search warrant at the defendant's residence on August 198, 2005. Credit card producing materials and printers actively engaged in printing checks were seized. Photographs of the contents and location of these items found in the living room were taken. Ex. # 5-9.

6. A blue notebook , exhibit # 9, found in the living room contained hand-written pages later identified as written by the defendant.

7. The contents of the blue notebook included names, addresses, department of licensing numbers and account numbers and check numbers.

8. Also found in the living room were compact discs labeled "Versacheck," which was determined to be check- making software. Exhibit # 11.

9. Specific pages of the compact discs were identified as related to Washington state Department of Licensing software. Ex. # 11A.

10. A two-ring notebook was also seized and pages of it were copied and identified as handwritten slips giving identifying information for different people, their addresses and check routing numbers and checking accounts. Ex. # 14.

11. Additional computers were found in the dining room along with a heat sealing machine.  Exs. # 15, 16, 21.

12.  Many authentic/original bank statements, direct deposit forms and numerous individual VISA credit card receipts taken from Greyhound Bus ticket sales were found in the dining room dresser drawers.  Ex .# 22.

13.  Washington Department of Licensing identification cards of the defendant and co-habitant Ashley Vaughn were also found in the dining room dresser drawer.  Ex. # 22. Pp.20-22.

14.  Additional hand written letters by the defendant were also located Ex. # 14.

15.  Blank credit card encoding software was also seized from the dining room. Ex. # 28.

16.  Utility bills in the name of Gregory White (another federal pre-trial-post-plea defendant) were seized from the residence.

17.   The detective assigned to the state investigation contacted Senior USPO Tien to inform her of their investigation and these allegations followed.

## CONCLUSIONS OF LAW

1. The undisputed evidence shows that the only residence address associated with the defendant is 219 29th Avenue East, also co-habited by Gregory White and Ashley Vaughn.

2. The evidence seized from the defendant's residence includes a plethora of items that can be used and appear to be used to make fraudulent credit cards and checks supporting violation three.

3. The testimony of Senior USPO Tien identified the defendant's handwriting.

4. The evidence of the defendant's involvement is found in her handwriting on slips of paper in the blue notebook and the two-ring binder which name specific individuals their bank account and other identifying information.

5. Fraudulent Visa credit and checks were found in the residence in common areas

PROPOSED FINDINGS
PAGE -4-

of the living and dining rooms supporting violation number five.

6. The evidence supports a finding that violations three and five were committed.

Based upon the foregoing, I recommend the court find the defendant has violated the conditions of her supervised release as alleged in violations one, two, three and five; and set the matter for a disposition hearing.

Defendant has been detained pending a final determination by the court.

DATED this 7 day of October, 2005.

*/s/ M. J. Benton*

MONICA J. BENTON
United States Magistrate Judge

cc: Sentencing Judge         : Hon. Marsha J. Pechman
    Assistant U.S. Attorney  : Tessa Gorman
    Defense Attorney         : Michael Nance
    Senior U. S. Probation Officer : Jennifer J. Tien

PROPOSED FINDINGS
PAGE -5-